## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LINDA I. SLONE, | : | CASE NO: 1:16-cv-04325 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | **COMPLAINT** |
| | : | |
| MAFRA RESTAURANT CORP., a New | : | |
| York corporation, d/b/a IL VIOLINO, | : | |
| and LOUIS BRUSCO, an individual, and | : | |
| EDWARD W. FLANAGAN, Ancillary | : | |
| Executor of the Estate of GLORIA  ANN | : | |
| FLANAGAN  f/k/a  GLORIA  BRUSCO, | : | |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff, LINDA I. SLONE (hereinafter the "Plaintiff"), through her undersigned

counsel, hereby files this Complaint and sues MAFRA RESTAURANT CORP., a New

York corporation, d/b/a IL VIOLINO, and LOUIS BRUSCO, an individual, and

EDWARD W. FLANAGAN, Ancillary Executor of the Estate of GLORIA ANN

FLANAGAN f/k/a GLORIA BRUSCO, (hereinafter, collectively, the "Defendants"), for

injunctive relief, attorney's fees and costs (including, but not limited to, court costs and

expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH

DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW

("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and

alleges:

### JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III

of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred

to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York.

3.     The remedies provided by the New York State Human Rights Law are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4.     At the time of Plaintiff's visit to IL VIOLINO, prior to instituting the instant action, LINDA I. SLONE, (hereinafter referred to as "Plaintiff") was a resident of the City and State of New York, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, described as post-polio with quadriplegic involvement requiring the use of a motorized wheelchair for mobility. The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit.

5.     The Defendants, MAFRA RESTAURANT CORP., a New York corporation, d/b/a IL VIOLINO, and LOUIS BRUSCO, an individual, and EDWARD W. FLANAGAN, Ancillary Executor of the Estate of GLORIA ANN FLANAGAN f/k/a GLORIA BRUSCO, are authorized to conduct, and are conducting business within the State of New York. Upon information and belief, MAFRA RESTAURANT CORP., is the lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Defendants' Property"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the facility commonly

referred to as IL VIOLINO (hereinafter the "Subject Facility") located at 180 Columbus Avenue, New York, New York (hereinafter and heretofore referred to collectively as "Defendants' Property"), which also maintains and controls the Subject Facility.  Upon information and belief, LOUIS BRUSCO, AN INDIVIDUAL, AND EDWARD W. FLANAGAN, ANCILLARY EXECUTOR OF THE ESTATE OF GLORIA ANN FLANAGAN F/K/A GLORIA BRUSCO, is the owner, lessor and/or operator of the real property where the Subject Facility is located which is the subject of this action, the facility commonly referred to as IL VIOLINO, located at 180 Columbus Avenue, New York, New York (hereinafter and heretofore referred to collectively as "Defendants' Property"), which also maintains and controls the Subject Facility.

6.     All events giving rise to this lawsuit occurred in the City of New York, State of New York.  Venue is proper in this Court as the premises is located in the State of New York.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.     On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of the Title III of the ADA was January 26, 1992.  42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements,

3

such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)  discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)  individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9.  Congress explicitly stated that the purpose of the ADA was to:

(i)  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Subject Facility is a place of public accommodation in that it is an establishment which provides goods and services to the public.

11.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

12.     The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations, and/or undergone substantial remodeling, repairs and/or alterations, since January 26, 1990, and/or has sufficient income to make readily achievable accessibility modifications.

13.     Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101, et. seq., and as prohibited by 42 U.S.C. §12182, et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property.  Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact.  In addition, Plaintiff continues to desire to visit the Subject Property in the future, but continues to be

5

injured in that he is unable to and continues to be discriminated against IL VIOLINO to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State Human Rights Law.

15.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

16.     The Defendants' Subject Facility is in violation of 42 U.S.C. §12181, et. seq., the ADA and 28 C.F.R. §36.302, et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i)     Failure to provide a safe, accessible entrance, due to step at said entrance, without an ADA compliant ramp and/or wheelchair lift, in violation of 28 C.F.R. Part 36, Section 4.14.

(ii)    Failure to provide a safe handicap accessible rear emergency exit, due to steps at said emergency exit, in violation of 28 C.F.R. Part 36, Section 4.3.10.

(iii)   Failure to provide a safe and accessible means of egress from the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.3.10.

(iv)    Failure to provide sufficient clear floor space/sufficient turning radius, in vestibule at entrance area of Subject Facility, in order to provide

safe adequate maneuverability space, in violation of 28 C.F.R. Part 36, Section 4.2.

(v)     Failure to provide an accessible bar area, due to step on each side of bar, without a compliant ramp and/or wheelchair left, in violation of 28 C.F.R. Part 36.  Section 4.3.

(vi)    The bar, is higher than 34 inches above the finished floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of the bar, or a 60 inch wide section of it, to be 34 inches.

(vii)   Failure to provide accessible doorway entrance to restroom area, with a minimum clear opening of 32 inches in width to allow access, as required by 28 C.F.R. Part 36, Section 4.13.5.

(viii)  Failure to modify restroom for accessibility, including, but not limited to, rearranging walls and doors to provide sufficient accessibility, maneuvering space and turn radius in restroom, for individuals with disabilities, as required by 28 C.F.R. Part 36, Section 4.17.

(ix)    Failure to install the required rear grab bar in restroom, around an accessible toilet, in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(x)     Failure to install the required side grab bar in restroom, around an accessible toilet, in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(xi)    Failure to provide at least 17 inches depth clearance under lavatory as required by 28 CF.R. Part 36, Section 4.19.2.

(xii)   Failure to provide the required underside clearance of at least 29 inches above the finished floor to the bottom of the apron under lavatory for accessibility in compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2.

(xiii)   Failure to provide an accessible ADA compliant toilet, in violation of 28 C.F.R. Part 36, Section 4.17.

(xiv)   Failure to insulate exposed drain pipes under lavatory, to prevent burns, as required by 28 C.F.R. Part 36, Section 4.19.

(xv)   Failure to provide toilet paper dispenser in restroom, at an accessible height, as required by 28 C.F.R. Part 36, Section 4.22.7.

(xvi)   Failure to provide accessible door handles on restroom doors, that can be operable with one hand and does not require tight grasping, pinching or twisting of the wrist, as required by 28 C.F.R. Part 36, Sections 4.13.9 and 4.27.4.

(xvii)   Failure to provide paper towel dispenser in restroom, at an accessible height, as required by 28 C.F.R. Part 36, Section 4.22.7.

(xviii)   Failure to provide accessible door handle on door at entrance to restroom area, that can be operable with one hand and does not require tight grasping, pinching or twisting of the wrist, as required by 28 C.F.R. Part 36, Sections 4.13.9 and 4.27.4.

(xix)   Failure to provide ADA compliant signage at restroom area, in violation of 28 C.F.R. Part 36, Section 4.30.

(xx)   The cash register, located in bar area, is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(xxi)   Failure to provide coat hook in restroom area, at an accessible height, in compliance with the requirements of 28 C.F.R. Part 36, Section 4.1.3(12), and Section 4.25.3.

(xxii)   The menu stand of Subject Facility is at an inaccessible height, in violation of 28 C.F.R. Part 36.

(xxiii)   Failure to provide ADA compliant signage at rear emergency exit door, in violation of 28 C.F.R. Part 36, Section 4.30.

(xxiv)   Failure to provide adequate directional and accurate informational signage throughout the Subject Facility, as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(xxv)   Failure to provide signage, in the Subject Facility, addressing people with disabilities telling them that accessible services are provided, as required by 28 C.F.R. Part 36, Section 4.30.4.

17.   Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

18.   To date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19.   Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation,

accessible to persons with disabilities since January 28, 1992.  To date, the Defendants have failed to comply with this mandate.

20.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them independently accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

21.    The New York City Human Rights Law provides:

> (a)  It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …

> NYC Admin. Code § 8-107(4)(a).

22.    Defendants, MAFRA RESTAURANT CORP., a New York corporation, d/b/a IL VIOLINO, and LOUIS BRUSCO, an individual, and EDWARD W. FLANAGAN, Ancillary Executor of the Estate of GLORIA ANN FLANAGAN f/k/a GLORIA BRUSCO, are in violation of the New York City Human Rights Law by denying the Plaintiff full and  safe access to all of the benefits, accommodations and services of the Subject Facility.

23.    The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 20 as if set forth in their entirety here.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24.    The New York State Human Rights Law provides:

> (a)  It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability …

> NYS Exec. Law § 296 (2)(a).

25.    Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

26.    The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

27.    Defendants, MAFRA RESTAURANT CORP., a New York corporation, d/b/a IL VIOLINO, and LOUIS BRUSCO, an individual, and EDWARD W. FLANAGAN, Ancillary Executor of the Estate of GLORIA ANN FLANAGAN f/k/a GLORIA BRUSCO, are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

28.    The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 as if set forth in their entirety here.

## COUNT IV - VIOLATION OF THE ADMINISTRATIVE CODE
## OF THE CITY OF NEW YORK

29.    The Defendants have subjected, and continues to subject, Plaintiff to disparate treatment by directly and/or indirectly refusing, withholding, and denying the

full accommodations of the Subject Facility, and advantages, facilities and privileges of its place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

30.   The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

31.   The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law.   The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code § 8-130 (emphasis added).

32.   The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible.  Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

33.   As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered an injury in fact.

34.    The Defendants' long-standing refusal and/or lack of effort to make the Subject Facility fully accessible was egregious and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

35.    By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons, such as the Plaintiff, that they in effect are not welcome and not desired as patrons of its place of public accommodation.

36.    The Defendants unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages.  Administrative Code § 8-502.

37.    The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 as if set forth in their entirety here.

## ATTORNEYS' FEES AND COSTS

38.    The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

39.    Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

40.    The Plaintiff demands one thousand dollars ($1,000.00) in compensatory damages based on Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law, plus punitive damages pursuant to the Administrative Code of the City of New York.

**INJUNCTIVE RELIEF**

41.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A.    The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

B.    The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA and by NYCHRL, and the NYSHRL;

C.    The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D.     The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E.     The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 9TH day of June, 2016.

Respectfully submitted,

By: /S/ B. Bradley Weitz
      B. Bradley Weitz, Esq. (BW 9365)
      bbw@weitzfirm.com

      /S/ Robert J. Mirel
      Robert J. Mirel, Esq. (RM 2974)
      rjm@weitzfirm.com

      THE WEITZ LAW FIRM, P.A.
      Attorneys for Plaintiff
      Bank of America Building
      18305 Biscayne Blvd., Suite 214
      Aventura, Florida 33160
      Telephone: (305) 949-7777
      Facsimile:  (305) 704-3877